IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LAURA L. HULL, | Civ. No. 06-1409-HO |
| Plaintiff, | ORDER |
| v. | |
| Commissioner of Social Security, | |
| Defendant. | |

Plaintiff filed this action for review of the decision of the Commissioner denying her application for disability insurance and supplemental security income benefits. For the reasons that follow, the decision of the Commissioner is reversed, and this matter is remanded to the Commissioner for payment of benefits.

## Discussion

The administrative law judge (ALJ) failed to state clear and convincing reasons to reject plaintiff's allegations. The ALJ found that plaintiff "exaggerated the type, frequency, nature and severity of various impairments," and provided inconsistent

versions of her vocational, social and medical histories.  The
ALJ found medical evidence of degenerative disc disease of the
lumbar spine, "status-post two back surgeries," obesity,
depression, sleep apnea, chronic sinus problems, borderline
intellectual functioning and posttraumatic stress disorder.  (Tr.
23).  Exaggeration of pain and related symptoms is consistent
with several medical source opinions that plaintiff is impaired
by a "pain disorder associated with psychological factors and
general medical condition."  (Tr. 253, 333, 353, 402 (medical
source opinions)).  The ALJ did not address these opinions.
Moreover, Dr. Andrew Friedman and James Moore, Ph.D., opined,
"[i]t may well be that [plaintiff's] physical problems and pain
and disability behavior serves to reduce demands on her from
others, which might otherwise overwhelm her cognitively."

The ALJ faulted plaintiff for failing to undergo cognitive
testing recommended by mental health professionals.  (Tr. 26).
The ALJ did not address the report of Steven Barry, Ph.D., that,
consistent with the diagnosis of post traumatic stress disorder,
plaintiff could not tolerate a more complete evaluation with a
male examiner (Tr. 400).  The results of cognitive tests
administered in 1999 support the diagnosis of James Moore, Ph.D.,
that plaintiff is impaired by borderline intellectual functioning
(Tr. 304).  While he indicated the record contains medical
evidence of borderline intellectual functioning, the ALJ did not

specifically address this portion of Moore's report.  Although he
found plaintiff limited to "simple, routine, repetitive, 1-2 step
type-work," the ALJ labeled borderline intellectual functioning
non-severe.

Considering the multiple assessments of borderline
intellectual functioning, plaintiff's inconsistent reporting of
her medical, vocational and social history is not a clear and
convincing reason to reject her testimony of functional
limitations.

The ALJ's finding that plaintiff did not disclose a history
of abuse during any examination preceding the August 2004
examination by Steven Barry, Ph.D., is not supported by
substantial evidence (Tr. 26).  Plaintiff related a history of
abuse to Dr. Andrew Friedman and James Moore, Ph.D., in July
1999.  (Tr. 251).  Moreover, Steven Barry, Ph.D., noted that
plaintiff reported this history with great fear and reluctance.
(Tr. 401).  Barry also wrote, "[plaintiff] is either reporting or
demonstrating characteristics of post-traumatic stress disorder .
. . any time this subject is raised . . ."  (Tr. 401).

Plaintiff's claim that "she stopped working because she was
too slow and not able to perform the work mentally" is not
clearly inconsistent with her report to Dr. Rendleman that her
employer "did not have enough hours for her . . .," as the ALJ
determined.  (Tr. 29).  Plaintiff actually testified that her

employer "could only give me a couple hours a week, 'cause I was so slow . . ."  (Tr. 66).

Plaintiff's allegations of disabling limitations from physical and mental impairments is consistent with Dr. Benikova's opinion that plaintiff would be absent from work more than three days per month due to chronic pain and depression (Tr. 460), Dr. Essink's assigned "GAF" score of 40 and opinion that plaintiff's persistence and pace and ability to tolerate work-related stress are severely below average (Tr. 333-34), and the opinion of Steven Barry, Ph.D., that plaintiff is unable to participate in a vocational rehabilitation program and look for and maintain employment (Tr. 401).  The ALJ rejected these opinions because the medical sources relied on plaintiff's statements, which the ALJ found incredible.  Because the ALJ improperly found plaintiff incredible, plaintiff's lack of credibility is not a legitimate reason to reject these opinions.

When plaintiff's testimony and the medical source opinions are credited as true, disability is established.  There are no
///


///


///


4 - ORDER

outstanding issues.  Reversal and remand for payment of benefits is appropriate.  <u>Benecke v. Barnhart</u>, 379 F.3d 587, 594 (9th Cir. 2004).

<u>Conclusion</u>

Based on the foregoing, the decision of the Commissioner is reversed.  This matter is remanded to the Commissioner for payment of benefits.

IT IS SO ORDERED.

DATED this <u> 19th </u> day of October, 2007.

<u>  s/ Michael R. Hogan      </u><br>
United States District Judge